UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-241-H

WILBURN SISCO                                                                              PLAINTIFF

V.

CITY OF RADCLIFF                                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Wilburn Sisco ("Sisco"), brought this action alleging age discrimination under state and federal law after his position with the City of Radcliff's Public Works Department was terminated. Defendant, City of Radcliff ("the City"), has moved for summary judgment on Plaintiff's claims. Fed. R. Civ. P. 56. For the reasons explained below, the Court will grant Defendant's motion and dismiss the case.

**I.**

Many of the facts in this case are not in dispute. Plaintiff Sisco began working for the City of Radcliff's Wastewater Department in 2000. In 2003, he transferred to the City's Public Works Department. While employed in the Public Works Department, Sisco was the primary trainer in the area of Commercial Driver's License (CDL) certification. On March 21, 2008, the City terminated Mr. Sisco's employment. Mayor Sheila C. Enyart explained the City's decision in a letter that stated, in pertinent part:

> I would like to make it absolutely clear that in no way does your termination reflect that the City of Radcliff is in any way unhappy with your work performance. Unfortunately, you and other staff members are being let go simply as a reflection of the general economic downturn being experienced by all cities.

(Termination Letter ¶ 2, March 18, 2008.)

Sisco, who was 52 at the time, was let go along with two other individuals, 54-year-old John Grimm and 27-year-old Kevin Hardman. According to the City, the three Public Works positions were merged into two. They were then filled by 49-year-old Buddy Miller[1] and 26-year-old Jacob Sanders. According to Sisco, Miller is the cousin of the director of the Public Works Department. Both Miller and Sanders had been employed in the Wastewater Department, which was being eliminated due to a transfer to Hardin County Water District #1. Despite this transfer, the City claims it needed Miller and Sanders because it was retaining responsibility for storm water issues and both individuals had experience in that area.

In February 2009, Sisco filed this action in Jefferson Circuit Court alleging that the City's actions violated Kentucky's age discrimination statute, KRS § 344.040, and the Federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Defendant removed the case, proceeded with discovery and then filed the present motion.

**II.**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is not genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party initially bears the burden of demonstrating that an essential element of the non-moving party's case is lacking. *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999). The non-

---

[1] Defendant's memoranda identify Miller as a 59-year-old. It is unclear whether this is an actual factual dispute or just a mathematical error by one of the parties. In any event, the difference is immaterial, as both sides agree that Miller was over 40, the relevant age for the purpose of state and federal age discrimination laws.

moving party may respond by showing that a genuine issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine dispute exists where, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. The Sixth Circuit has stated the standard for summary judgment as follows: "Whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citation omitted). In determining whether summary judgment is appropriate, the Court must resolve all ambiguities, and draw all reasonable inferences, against the moving party. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.

Plaintiff alleges age discrimination under both state and federal law. KRS § 344.040; 29 U.S.C. § 621 *et seq*. In Kentucky, age discrimination claims are analyzed in the same way as claims under the federal statute. *Harker v. Federal Land Bank of Louisville*, 679 S.W.2d 226, 229 (Ky. 1984); *Kentucky Center for the Arts v. Handley*, 827 S.W.2d 697, 699 (Ky. App. 1991). To prevail under either statute, a plaintiff must offer (1) direct evidence of age discrimination or (2) circumstantial evidence of age discrimination and successful navigation of the burden-shifting framework established by the United States Supreme Court in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). Here, Sisco takes the latter approach.

### A.

To state a prima facie case of age discrimination using circumstantial evidence, a plaintiff must establish: (1) that he is a member of the protected class of age 40 or older, (2) that he suffered adverse employment action, (3) that he was qualified for the position held, and (4) that

3

he was replaced by a significantly younger person. *McDonnell Douglas*, 411 U.S. at 802; *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009); *Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 25 (2008). The Sixth Circuit has modified the fourth element of the test where the termination arises out of a work force reduction. In those situations, "the plaintiff must provide 'additional direct, circumstantial or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.'" *Geiger*, 579 F.3d at 623 (quoting *Barnes v. GenCorp.*, 896 F2d 1457, 1465 (6th Cir. 1990)).

The parties do not dispute that Plaintiff has met the first three prongs required to state a prima facie case – Sisco was clearly qualified for his position and over 40 years of age when he was terminated. The parties disagree, however, on whether it is appropriate to apply the heightened standard applicable to workforce reductions.

B.

The Sixth Circuit has offered the following guidance on what constitutes a work force reduction:

> A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge." A person is considered replaced "only when another employee is hired or reassigned to perform the plaintiff's duties." A person is not considered replaced when his duties are absorbed by another person "or when the work is redistributed among other existing employees already performing related work."

*Geiger*, 579 F.3d at 623 (quoting *Barnes*, 896 F.2d at 1465). Elimination of a single position can constitute a reduction in force. *Lockett v. Marsch USA, Inc.*, 354 Fed. Appx. 984, 992 (6th Cir. 2009) (unpublished). In a recent unpublished opinion by the Sixth Circuit analyzing a scenario where, as here, three workers were replaced by two, the Court of Appeals applied the modified

4

fourth element, noting that "[a]n employee is not replaced for purposes of the fourth element of a prima facie case of discrimination when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." *Johnson v. Franklin Farmers Coop.*, 2010 U.S. App. LEXIS 10195, at *12 (6th Cir. May 19, 2010). Collectively, these cases establish that the heightened reduction-in-force standard applies here, where three workers, including Plaintiff, were terminated, and two workers were hired to do the work of the three employees, plus other jobs. Consequently, Sisco must provide "additional direct, circumstantial or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Plaintiff alleges that various incidents and decisions, described in his deposition, satisfy this burden.

First, Plaintiff alleges that three months before his termination, several individuals were laid off from the Public Works Department, including 50-year-old Jeff Greiss, a 22-year veteran of the department, and 18-year-old Austin Gray, who was still on his initial probation period. Sisco said the City later brought Gray, 18, back to work, though Greiss, 50, remained laid off. (Sisco Dep. 113:12-20.) In response to this argument, the City provided a sworn affidavit from Radcliff Chief Financial Officer Chance Fox, asserting that Gray (and not Greiss) was laid off initially, but Gray was called back after "disciplinary" issues arose with Greiss, and Greiss was in turn laid off. (Fox Aff.¶ 3-4, April 26, 2010.) Furthermore, Fox's affidavit states that Greiss was eventually called back to work and that both Greiss remains employed by the department. (*Id.*) Plaintiff offered no additional evidence – other than his statements in his deposition – to buttress his assertion that Gray was called back while Greiss was not.

5

Next, Plaintiff argues that retaining Gray, 18, while laying off more skilled and experienced older workers, including Plaintiff, violates a policy set forth in the City's Personnel Handbook. Section 3.15 of the City's Personnel Handbook states that "[c]onsideration shall be given to both the seniority and merit of persons being considered for layoff." (Personnel Handbook, p. 314.) Plaintiff cites an Eleventh Circuit for the proposition that "[t]he bending of established rules may ... be suggestive of discrimination." *Walker v. Prudential Property and Cas. Ins. Co.*, 286 F.3d 1270, 1279 (11th Cir. 2002). However, the policy here also provides that "[t]he order of layoff shall be determined by the needs of the City." (Personnel Handbook, p. 314.)

Finally, Plaintiff alleges that Sanders, the 26-year-old who was moved to the wastewater facility (along with 49-year-old Miller), was not qualified for the position, namely because he did not have a CDL.[2] (Sisco Dep. 150:6-11.) Sisco argues that replacing him and others with younger workers such as Sanders, who are less qualified and make more money, is circumstantial evidence that he was terminated because of his age. In response, the City offered Fox's sworn statement that a CDL was not required for Sanders' position. (Fox Aff. ¶ 6, April 26, 2010.)

## C.

In the Court's view, it cannot be said that these three scenarios permit any inference that Plaintiff was singled out for discharge in the guise of a reduction in force. Plaintiff's bald

---

[2] Sisco also argued that the Court should not consider the City's post-termination hiring of Miller, but only its hiring of Sanders, because Miller was the cousin of the department's director and his hiring was based on nepotism. The Court does not consider this argument, because of its finding that Sisco had to meet the heightened evidentiary standards applicable to workforce reductions. Thus, even if the Court ignored Miller's hiring and looked only at Sanders, Plaintiff must prove something more than that he was replaced by someone significantly younger.

6

assertions about Greiss' layoff or Sanders' qualifications are more argument than evidence. The sworn affidavits from the City's Chief Financial Officer provides facts rebutting the allegations.

Finally, Plaintiff says that the City laid him off while keeping younger, less-skilled workers, even though its stated policy was to give weight to seniority and merit when making layoffs. This argument is unpersuasive because the policy does not require the City to keep older, more skilled workers, but rather merely directs the city to *consider* factors such as merit and seniority. For these reasons, the Court does not believe Plaintiff has stated a prima facie case of age discrimination.

IV.

Even if Plaintiff's minimal evidence were enough, his case still would not survive a motion for summary judgement because he cannot show that the Defendant's proffered non-discriminatory reason for the termination was a pretext.

In its initial letter, the City said Sisco's termination was based on " the general economic downturn being experienced by all cities." (Termination Letter ¶ 2, March 18, 2008.) Since then, the City tendered an affidavit from Fox, its CFO, asserting that in Fiscal Years 2006-2007 and 2007-2008 the City had budget deficits of more than $500,000 each. (Fox Aff. ¶ 5-6, March 1, 2010.) It further asserted that such deficits made layoffs, and other measures including delays of purchases and road projects, necessary. (*Id.*) In response to a Defendant's valid, non-discriminatory reason for a termination, it is the Plaintiff's burden to "show that the defendant's proffered reason was not its true reason, but was a pretext masking intentional discrimination." *Johnson v. Interstate Brands Corp.*, 351 Fed. Appx. 36, 41 (6th Cir. 2009). The *Johnson* court went on to say:

> Pretext may be established directly by persuading the trier of fact that a discriminatory reason more likely motivated the employer's action, or "indirectly by showing that the employer's proffered explanation is unworthy of credence." A plaintiff can demonstrate that an employer's explanation is not credible by showing that it (1) has no basis in fact, (2) did not actually motivate the discharge, or (3) was insufficient to warrant discharge.

*Id.* (internal citations omitted). Here, only the second prong is relevant, because Defendant has offered proof that its reason is based in fact, and the reason is clearly sufficient to warrant discharge. So the question here is whether Plaintiff has offered sufficient evidence to show that the City's proffered reason of a budget shortfall did not actually motivate his discharge.[3]

Plaintiff attempts to do this by arguing, without any support in the record, that various decisions the City made around the time of his termination did not actually save the City money. First he argues that Miller and Sanders, the two employees hired after Plaintiff's termination, were making almost as much per hour as the three men who were laid off. This argument ignores the fact that the City saved money by employing two people to do the job previously done by five people. Plaintiff also argues, without any specific proof, that the City's hiring of six temporary employees was more expensive than retaining the three permanent employees. But the City's affidavit asserts that the temporary employees, who work only part of the year and do not receive benefits, are cost-savers in the long run. (Fox Aff. ¶ 7, April 26, 2010.) These and the Plaintiff's other arguments fail. The City rebutted each argument with sworn testimony from its CFO. In short, Plaintiff offered only allegations, and Defendant, here, offered proof on each of its points. The Plaintiff's remaining allegation – that the City changed its proffered reason throughout the course of the litigation – is also not supported by the proof.

---

[3] The Supreme Court has recently clarified that "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343, 2351 (2009); *Johnson*, 351 Fed. Appx. at 39.

Because Plaintiff arguably did not make a prima facie case of age discrimination and furthermore did not offer credible evidence that the Defendant's proffered reason for the termination was a pretext, the Plaintiff's claims must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

cc: Counsel of Record